**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **CRANSTON SCHOOL DISTRICT** | : | |
| **Plaintiff** | : | |
| | : | |
| **vs.** | : | **C.A. # 06-538 ML** |
| | : | |
| **Q.D., through his parents and next friends,** | : | |
| **Mr. and Mrs. D.** | : | |
| **Defendants** | : | |

**MOTION TO ENFORCE "STAY-PUT" PURSUANT TO 20 USC § 1415(j)**

NOW come Defendants Q.D., by and through his parents, Mr. and Mrs. D., and moves that this Honorable Court issue an Order enforcing Q.D.'s right to "stay put" pursuant to 20 U.S.C. § 1415(j). In support of their Motion, Defendants rely upon the attached Memorandum, made a part hereof.

Defendants,
By Their Attorneys

/s/ Mary Ann Carroll
Mary Ann Carroll #6664
The Law Offices of Stephen M. Robinson
155 South Main Street, Suite 402
Providence, RI 02903
(401) 331-6565
(fax) 331-7888
January 22, 2007
macarroll@smrobinsonlaw.com

/s/ Vicki J. Bejma
Vicki J. Bejma, #6498
The Law Offices of Stephen M. Robinson
155 South Main Street, Suite 402
Providence, RI 02903
(401) 331-6565
(fax) 331-7888
January 22, 2007
vbejma@smrobinsonlaw.com

**CERTIFICATION**

I, the undersigned, hereby certify that on January 22, 2007 I sent a true copy of the within by electronic filing to all of the parties below:

Gregory P. Piccirilli, Esq.
Sciacca & Piccirilli
121 Phenix Avenue
Cranston, RI 02920

/s/ Vicki J. Bejma

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **CRANSTON SCHOOL DISTRICT** | : | |
| **Plaintiff** | : | |
| | : | |
| **vs.** | : | **C.A. # 06-538 ML** |
| | : | |
| **Q.D., through his parents and next friends,** | : | |
| **Mr. and Mrs. D.** | : | |
| **Defendants** | : | |

**MEMORANDUM IN SUPPORT OF**
**MOTION TO ENFORCE "STAY-PUT" PURSUANT TO 20 USC § 1415(j)**

## I. INTRODUCTION

This matter first came before this Honorable Court on the Plaintiff Cranston School District's appeal of a Decision issued by a Special Education Due Process Hearing Officer pursuant to 20 U.S.C.A. § 1415(f) on or about November 17, 2006. That Decision found that the District had failed to provide Q.D. with a free and appropriate public education, and ordered the District to fund Q.D.'s unilateral placement at The Wolf School.

Several months have passed since the issuance of the Hearing Officer's decision. The Cranston School District, however, has failed to provide Q.D. with appropriate transportation to and from the Wolf School, despite requests that the District do so. Accordingly, Q.D., by and through his parents, file this Motion to Enforce the Hearing Officer's Decision.

## II. LEGAL ARGUMENT

The Hearing Officer, through her Decision dated November 17, 2006, required that the Cranston School District fund Q.D.'s placement at the Wolf School. Implied in that Decision is a right to free and appropriate transportation to and from the Wolf School, located in East

Providence. Regulations of the Board of Regents for Elementary and Secondary Education Governing the Education of Students with Disabilities, § 300.310.

The District's obligation to provide Q.D. with transportation pursuant to the Decision exists despite the fact that the District has taken an appeal. A long line of decisions support the proposition that when a due process hearing officer rules in favor of a parental unilateral placement, that decision is not stayed because a school district has filed an appeal. Instead, the parental placement is regarded as that student's "stay put" placement during the pendency of the appeal. *See, e.g.*, Susquenita Sch. Dist. v. Raelee S., 96 F.3d 78, 84-85 (3d Cir. 1996), *citing* Sch. Comm. of the Town of Burlington v. Department of Educ. 471 U.S. 359, 372 (1985). Ultimately, the U.S. Department of Education codified this line of rulings in its regulations:

> (a) Except as provided in §300.533, during the pendency of any administrative or judicial proceeding regarding a due process complaint notice requesting a due process hearing under §300.507, unless the State or local agency and the parents of the child agree otherwise, the child involved in the complaint must remain in his or her current educational placement.
>
> . . .
>
> (d) If the hearing officer in a due process hearing conducted by the SEA or a State review official in an administrative appeal agrees with the child's parents that a change of placement is appropriate, that placement must be treated as an agreement between the State and the parents for purposes of paragraph (a) of this section.

34 C.F.R. § 300.514(c). Under this regulation, a decision of the hearing officer in favor of the parent's placement is treated as an agreement to change that child's placement for the duration of the proceedings. Thus, the parent's placement becomes the child's "stay put" placement pending any appeals. *See, e.g.*, Escambia County Bd. of Educ. v. Benton, 358 F.Supp.2d 1112, 1123-24 (S.D. Ala. 2005)

Because Wolf is now Q.D.'s placement pending this appeal, it naturally follows that the District owes Q.D. transportation to Wolf pending this appeal. This transportation has not been

completely arranged despite the fact that two months have passed since the Hearing Officer's decision, and also despite Q.D.'s clear right to said transportation. Q.D. is being provided with transportation to school at this time. However, the afternoon transportation offered Q.D. is inadequate, in that it requires him to wait at school anywhere from half an hour to an hour after dismissal, without supervision. Clearly, this is an unacceptable arrangement for a disabled child of ten. Therefore, an Order should issue directing the District to provide appropriate transportation forthwith.

## III. CONCLUSION

For the above-referenced reasons, the Defendants' Motion to Enforce should be GRANTED.

Defendants,
By Their Attorneys

/s/ Mary Ann Carroll
Mary Ann Carroll #6664
The Law Offices of Stephen M. Robinson
155 South Main Street, Suite 402
Providence, RI 02903
(401) 331-6565
(fax) 331-7888
January 22, 2007
macarroll@smrobinsonlaw.com

/s/ Vicki J. Bejma
Vicki J. Bejma #6498
The Law Offices of Stephen M. Robinson
155 South Main Street, Suite 402
Providence, RI 02903
(401) 331-6565
(fax) 331-7888
January 22, 2007
vbejma@smrobinsonlaw.com

**CERTIFICATION**

I, the undersigned, hereby certify that on January 22, 2007 I sent a true copy of the within by electronic filing to all of the parties below:

Gregory P. Piccirilli, Esq.
Sciacca & Piccirilli
121 Phenix Avenue
Cranston, RI 02920

/s/ Vicki J. Bejma