**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **CRANSTON SCHOOL DISTRICT** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **C.A. No. 06-538 ML** |
| **v.** | : | |
| | : | |
| **Q.D., through hiS parents and next friends,** | : | |
| **Mr. And Mrs. D.** | : | |
| | : | |
| **Defendant** | : | |

**PLAINTIFF'S RULE 16 STATEMENT**

This case is an appeal by the Cranston School Department of a decision and order by a due process hearing officer involving a special education complaint under the Individuals With Disabilities Education Act (IDEA), 20 U.S.C. § 1400, *et seq*. In their initial complaint, the parents complained that the school department failed to provide their son with a Free Appropriate Public Education (FAPE) as required by the IDEA. As a result, the parents unilaterally placed their child at a private facility, the Wolf School, and sought tuition reimbursement from the school department. The hearing officer granted the parents' request.

The standard of review of this Court of the administrative decision is one of "involved oversight". Roland M. v. Concord School Committee, 910 F.2d 983, 989 (1st Cir. 1990). "The law contemplates an intermediate standard of review on the trial-court level -- a standard which, because it is characterized by independence of judgment, requires a more critical appraisal of the agency determination than clear-error review entails, but which, nevertheless, falls well short of complete de novo review." Lenn v. Portland School Committee, 998 F.2d 1083, 1086 (1st Cir. 1993).

Under the relevant federal statute and regulations, the burden was on the parent to prove

that the public school placement deprived the of FAPE, and that the private school placement was appropriate. 20 U.S.C. § 1412 (a)(10)(C); Florence County School District Four v. Carter, 510 U.S. 7 (1993). In determining whether FAPE was provided, the parents must show that the IEP proposed by the school was not reasonably calculated to provide the child with an educational benefit.

When there are competing theories for educating a special needs child, the Courts should defer to school officials. Courts have recognized that they "are ill-equipped to second guess reasonable choices made school districts among appropriate instructional models." L.T. v. Warwick Sch. Comm., 361 F.3d 80, 83.

Even if FAPE is not provided, a court may still deny tuition reimbursement if the private placement chosen by the parent is deemed inappropriate. Such determinations are made where the private placement does not provide for an education in the least restrictive environment, i.e. fails to integrate the child with appropriate non-disabled peers. Rafferty v. Cranston School Comm., 315 F.3d 21 (1st Cir. 2002)

In this case, the evidence clearly showed the child received FAPE. In selectively reviewing the evidence, the hearing officer ignored the academic, social and emotional progress the child was making. The hearing officer erroneously relied upon inappropriate standardized testing performed by the parents' expert in concluding that the child was making no progress. See P.D. v. Franklin Township Bd. Of Ed., 2006 U.S. Dist. Lexis 16440 (D.N.J. 2006).

In faulting the program Cranston had proposed for the child, the hearing officer relied primarily on the opinion of parents' expert, who erroneously identified the child's disability. The hearing officer accepted the "immersion model" theory of the parent's expert as the only

appropriate educational model for the child. The hearing officer failed, as required by this Circuit's directive in L.T. v. Warwick Sch. Comm., to give appropriate deference to the educational judgment of the public school officials.

Finally, the hearing officer failed to give consideration to ensuring that the child be taught in the least restrictive environment.

Based upon the foregoing, Cranston seeks an order of this Court reversing the decision of the hearing officer, and denying the parents tuition reimbursement in this case.

Plaintiff,
CRANSTON SCHOOL DISTRICT,
By its Attorney,

/s/ Gregory P. Piccirilli, Esq. #4582
SCIACCA & PICCIRILLI
121 Phenix Avenue
Cranston, Rhode Island 02920
Phone: (401) 946-4900
Fax: (401) 944-3250

**CERTIFICATION**

I hereby certify that on March 1, 2007, I sent a true copy of the within by electronic filing to the following:

Mary Ann Carroll, Esq.
The Law Offices of Stephen M. Robinson
155 South Main St., Suite 402
Providence, RI 02903
macarroll@smrobinsonlaw.com

Vicki J. Bejma, Esq.
The Law Offices of Stephen M. Robinson
155 South Main St., Suite 402
Providence, RI 02903
vbejma@smrobinsonlaw.com

/s/ Gregory P. Piccirilli