**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **CRANSTON SCHOOL DISTRICT** | : | |
| **Plaintiff** | : | |
| | : | |
| | : | |
| **vs.** | : | **C.A. # 06-538 ML** |
| | : | |
| **Q.D., through his parents and next friends,** | : | |
| **Mr. and Mrs. D.** | : | |
| **Defendants** | : | |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF UNDISPUTED FACTS**

Now come the Defendants, and hereby respond to Plaintiff's statement of undisputed facts.

1. Admitted.
2. Admitted.
3. Admitted.
4. Admitted.
5. Admitted.
6. The statements in Paragraph 6 are admitted insofar as they recite the diagnosis given on the Rhode Island Hospital December 31, 2003 Psychology Evaluation Report. The statements in Paragraph 6 are denied insofar as it is alleged that the diagnosis was correct. *See* Ex. 5, Evaluation of Dr. Goldfischer, p. 16.
7. The statements in Paragraph 7 are admitted insofar as they recite part of the diagnosis given on by Dr. Steiner on June 10, 2005. The statements in Paragraph 7 are incomplete, as they omit that Dr. Steiner also diagnosed a sensory integration disorder. The

statements in Paragraph 7 are denied insofar as it is alleged that the diagnosis was correct. (*See* Ex. 5, Evaluation of Dr. Goldfischer, p. 16.)

8. Admitted.

9. Admitted.

10. The statements in Paragraph 10 are admitted insofar as it is alleged that Dr. Goldfischer did not review the CDC evaluation, or Dr. Stiener's evaluation, or that Dr. Golfischer did not directly talk to Q.D.'s teachers. The statements made in Paragraph 10 are denied in that they are an incomplete summary of the testing and information that Dr. Goldfischer relied upon. (See Vol. I, 6:1-3-I:9:13; Ex. 5; Ex. 6.) The statements made in Paragraph 10 are denied insofar as it is suggested that Dr. Goldfischer did not apply diagnostic criteria. (See Vol. I, 9:14-30:17.)

11. The statements in Paragraph 11 are denied in that they are an incomplete summary of Dr. Goldfischer's testimony regarding the appropriateness of the Wolf School. (I:44-45.) The statements in Paragraph 11 are denied insofar as Dr. Goldfischer's evaluation specifically mentioned the need for speech therapy and counseling services. (Ex. 5, p. 19, 23.)

12. Admitted.

13. The statements in Paragraph 13 are denied in that they are an incomplete summary of Dr. Goldfischer's evaluation of speech and language and occupational therapies. (Ex. 5, p. 20, 23.)

14. The statements in Paragraph 14 are denied in that they are an incomplete summary of the information that Dr. Goldfischer obtained from Q.D.'s teachers. (Ex. 6.)

15. The statements in Paragraph 15 are denied in that they are an incomplete summary of the information that Dr. Goldfischer obtained from Q.D.'s teachers. (Ex. 6.) The statements in Paragraph 15 are denied in that they are an incomplete summary of Dr. Goldfischer's testimony regarding the use of the teacher scales. (I:101:5-7.)
16. The statements in Paragraph 16 are denied. Ms. Irving later admitted that the RIGBY testing was informal, and furthermore that the Houghton Mifflin Assessment only assesses one type of isolated reading skill. (III:76:22-77:4; III:79:10-11.)
17. Admitted insofar as this is a summary of Ms. Irving's testimony. This paragraph is denied insofar as it attempts to allege that Q.D. made progress. (Ex. 5, 6, 10.)
18. Admitted insofar as this is a summary of Ms. Irving's testimony.
19. Denied. Ms. Irving's later testimony indicates that these statements were exaggerated. (II,63:1:9; 68:5-11, 80:2-8)
20. Denied. Ms. Irving's own responses to the ratings scales indicates serious impairment. (Ex. 6.) Additionally, Cranston officials themselves noted regression in social and emotional areas. (Ex. 9.)
21. Denied. Ms. Irving testified to serious disturbances, including evacuation of her room. (II, 29:20-25; 30:1-10; III, 93:23-94:6.)
22. Denied insofar as it alleged that the tutor did not follow any of the recommendations; she reviewed the materials Q.D. was to cover, and made change where appropriate, particularly in the manner of delivering instruction. (II, 20:23-21:1, 21:15-19.) Denied insofar as it is alleged that Ms. Irving testified that Q.D.'s summer programming resulted in any alleged regression; Ms. Irving clearly ascribed that to other factors. (III:98:9-11.)

23. Denied. Ms. Irving testified that she had filled out the scales based on her observations over the past six months. (III, 99:21-100:8.)
24. Denied. The purpose of Wolf's model is to ensure that the children are able to carry over the skills they would gain by speech and language and occupational therapies and therefore progress. (IV, 9:9-22.)
25. Admitted.
26. Admitted.
27. Admitted.
28. Admitted.
29. Denied. Q.D. would have had the opportunity to consult with a psychologist or social worker if needed. (III, 36:23-25; 67:11-16.)
30. Admitted.
31. Denied. Ms. Koval was only in the building one and a half days a week., during part of which she was at Team Meetings, and therefore could not have been in a position to see Q.D. on an as-needed basis. (IV, 18:4-25.)
32. Denied. Ms. Koval also testified that she assisted Q.D. with social issues. (IV, 6:18-7:3; 7:22-8:7.)
33. Admitted insofar as this is a summary of Ms. Koval's testimony regarding Q.D.'s characteristics.
34. Admitted insofar as this is a summary of Ms. Koval's testimony of her opinion as to the appropriateness of Ms. Irving's classroom.
35. Admitted insofar as this is a summary of Ms. Koval's testimony regarding Q.D.'s I.Q. scores and her perception of educational benefit.

36. Admitted.

37. Admitted.

38. Admitted insofar as it is alleged that Dr. Stiener disputed the Asperger's diagnosis. Admitted insofar as this paragraph cites some of the diagnostic criteria. Denied insofar as it is alleged that Q.D. does not have the restrictive repetitive areas of interest. (I, 11:18-12:19.) Denied insofar as it is alleged the diagnostic criteria discussed by Dr. Stiener is the only significant criteria. (I, 10:1-30:17.)

39. Admitted insofar as this is a summary of Dr. Stiener's testimony regarding his opinion of Dr. Goldfischer's diagnosis.

40. Admitted insofar as this is a summary of Dr. Stiener's testimony about how helpful he found Dr. Goldfischer's rating scales, and their validity.

41. Admitted insofar as this is a summary of Dr. Stiener's testimony as to his opinions about the usefulness of Dr. Goldfischer's recommendations.

42. Admitted insofar as this is a summary of Dr. Stiener's testimony.

43. Admitted insofar as this is a summary of Dr. Stiener's testimony as to his opinions about the validity of standardized testing.

44. Admitted insofar as this is a summary of Dr. Stiener's testimony as to his opinions regarding Mrs. Irving's classroom.

45. Denied. Quinn's classroom teacher testified that she grades on "effort and the work." (II, 58:16-20)

Defendants/Counterclaim Plaintiffs,
By Their Attorneys

/s/ Mary Ann Carroll
Mary Ann Carroll #6664
The Law Offices of Stephen M. Robinson
155 South Main Street, Suite 402
Providence, RI 02903
(401) 331-6565
(fax) 331-7888
April 26, 2007
macarroll@smrobinsonlaw.com

/s/ Vicki J. Bejma
Vicki J. Bejma, #6498
The Law Offices of Stephen M. Robinson
155 South Main Street, Suite 402
Providence, RI 02903
(401) 331-6565
(fax) 331-7888
April 26, 2007
vbejma@smrobinsonlaw.com

**CERTIFICATION**

I, the undersigned, hereby certify that on May 3, 2007 I sent a true copy of the within by electronic filing to all of the parties below:

Gregory P. Piccirilli, Esq.
Sciacca & Piccirilli
121 Phenix Avenue
Cranston, RI 02920

/s/ Vicki J. Bejma