**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **CRANSTON SCHOOL DISTRICT** | : | |
| **Plaintiff** | : | |
| | : | |
| **vs.** | : | **C.A. # 06-538 ML** |
| | : | |
| **Q.D., through his parents and next friends,** | : | |
| **Mr. and Mrs. D.** | : | |
| **Defendants** | : | |

**MOTION TO ENFORCE "STAY-PUT" PURSUANT TO 20 USC § 1415(j)**

NOW come Defendants Q.D., by and through his parents, Mr. and Mrs. D., and moves that this Honorable Court issue an Order enforcing Q.D.'s right to "stay put" pursuant to 20 U.S.C. § 1415(j). In support of their Motion, Defendants rely upon the attached Memorandum, made a part hereof.

Defendants,
By Their Attorneys

/s/ Mary Ann Carroll
Mary Ann Carroll #6664
The Law Offices of Stephen M. Robinson
155 South Main Street, Suite 402
Providence, RI 02903
(401) 331-6565
(fax) 331-7888
October 23, 2007
macarroll@smrobinsonlaw.com

/s/ Vicki J. Bejma
Vicki J. Bejma, #6498
The Law Offices of Stephen M. Robinson
155 South Main Street, Suite 402
Providence, RI 02903
(401) 331-6565
(fax) 331-7888
October 23, 2007
vbejma@smrobinsonlaw.com

**CERTIFICATION**

I, the undersigned, hereby certify that on October 23, 2007 I sent a true copy of the within by electronic filing to all of the parties below:

Gregory P. Piccirilli, Esq.
Sciacca & Piccirilli
121 Phenix Avenue
Cranston, RI 02920

/s/ Vicki J. Bejma

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **CRANSTON SCHOOL DISTRICT** | : | |
| **Plaintiff** | : | |
| | : | |
| **vs.** | : | **C.A. # 06-538 ML** |
| | : | |
| | : | |
| **Q.D., through his parents and next friends,** | : | |
| **Mr. and Mrs. D.** | : | |
| **Defendants** | : | |

**MEMORANDUM IN SUPPORT OF**
**MOTION TO ENFORCE "STAY-PUT" PUSUANT TO 20 USC § 1415 (i)**

## I. INTRODUCTION

This matter first came before this Honorable Court on the Plaintiff Cranston School District's appeal of a Decision issued by a Special Education Due Process Hearing Officer pursuant to 20 U.S.C.A. § 1415(f) on or about November 17, 2006. That Decision found that the District had failed to provide Q.D. with a free and appropriate public education, and ordered the District to fund Q.D.'s unilateral placement at The Wolf School.

Over ten months have passed since the issuance of the Hearing Officer's decision. The Cranston School District, however, has failed to pay Q.D.'s tuition at The Wolf School, despite requests that the District do so. Accordingly, Q.D., by and through his parents, file this Motion to Enforce the Hearing Officer's Decision.

## II. LEGAL ARGUMENT

The Hearing Office, through her Decision dated November 17, 2006, required that the Cranston School District fund Q.D.'s placement at the Wolf School.

The District's obligation to pay Q.D.'s tuition at The Wolf School exists despite the fact that the District has taken an appeal. A long time of decisions support the proposition that when a due process hearing officer rules in favor of a parental unilateral placement, that decision is not stayed because a school district has filed an appeal. Instead, the parental placement is regarded as that student's "stay put" placement during the pendency of the appeal. *See, e.g.,* Susquentia Sch. Dist. V. Raelee S., 96 F.3d 78, 84-85 (3d Cir. 1996), *citing* Sch. Comm. Of the Town of Burlington v. Department of Educ. 471 U.S. 359, 372 (1985).

Ultimately, the U. S. Department of Education codified this line of rulings in its regulations:

> (a) Except as provided in §300.533, during the pendency of any administrative or judicial proceeding regarding a due process complaint notice requesting a due process hearing under §300.507, unless the State or local agency and the parents of the child agree otherwise, the child involved in the complaint must remain in his or her current educational placement.
>
> . . .
>
> (d) If the hearing office in a due process hearing conducted by the SEA or a State review official in an administrative appeal agrees with the child's parents that a change of placement is appropriate, that placement must be treated as an agreement between the State and the parents for purposes of paragraph (a) of this section.

34 C.F.R. § 300.518. Under this regulation, a decision of the hearing officer in favor of the parent's placement is treated as an agreement to change that child's placement for the duration of

the proceedings. Thus, the parent's placement becomes the child's "stay put" placement pending any appeals. ***See, e.g.***, Escambia County Bd. Of Educ. v. Benton, 358 F.Supp.2d 1112, 1123-24 (S.D. Ala. 2005)

Because the Wolf School is now Q.D.'s placement pending this appeal, it naturally follows that the District is required to pay the Wolf School for Q.D.'s tuition. Although numerous bills have been sent from the Wolf School to the District, the District has refused to pay any of these invoices. Clearly, this is unacceptable when Q.D.'s placement is at the Wolf School pending this appeal. Therefore, an Order should issue directing the District to pay for Q.D.'s tuition at the Wolf School.

## III. CONCLUSION

For the above-referenced reasons, the Defendants' Motion to Enforce should be GRANTED.

Defendants,
By Their Attorneys

/s/Mary Ann Carroll
Mary Ann Carroll#6664
The Law Offices of Stephen M. Robinson
155 South Main Street, Suite 402
Providence, RI 02903
(401) 331-6565
(fax) 331-7888
October 23, 2007
macarroll@smrobinsonlaw.com

/s/ Vicki J. Bejma
Vicki J. Bejma #6498
The Law Offices of Stephen M. Robinson
155 South Main Street, Suite 402
Providence, RI 02903
(401) 331-6565
(fax) 331-7888
October 23, 2007
vbejma@smrobinsonlaw.com

**CERTIFICATION**

I, the undersigned, herby certify that on October 23, 2007 I sent a true copy of the within by electronic filing to all of the parties below:

Gregory P. Piccirilli, Esq.
Sciacca & Piccirilli
121 Phenix Avenue
Cranston, RI 02920

/s/ Vicki J. Bejma