**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **CRANSTON SCHOOL DISTRICT** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **C.A. No. 06-538 ML** |
| **v.** | : | |
| | : | |
| **Q.D., through his parents and next friends,** | : | |
| **Mr. And Mrs. D.** | : | |
| | : | |
| **Defendant** | : | |

**PLAINTIFF, CRANSTON SCHOOL COMMITTEE'S**
**OBJECTION TO MOTION TO ENFORCE "STAY PUT"**

Plaintiff, through its attorney, hereby objects to Defendants' motion for an order enforcing a "stay put" placement pursuant to 20 U.S.C. § 1415(j).

The reasons for said motion and objection are more fully set forth in the accompanying memorandum of law.

Plaintiff,
CRANSTON SCHOOL DISTRICT,
By its Attorney,

/s/ Gregory P. Piccirilli, Esq.
SCIACCA & PICCIRILLI
121 Phenix Avenue
Cranston, Rhode Island 02920
Phone: (401) 946-4900
Fax: (401) 944-3250
gregory@splawri.com

**CERTIFICATION**

I hereby certify that on October 31, 2007, I sent a true copy of the within by electronic filing to the following:

Mary Ann Carroll, Esq.
The Law Offices of Stephen M. Robinson
155 South Main St., Suite 402
Providence, RI 02903
macarroll@smrobinsonlaw.com

Vicki J. Bejma, Esq.
The Law Offices of Stephen M. Robinson
155 South Main St., Suite 402
Providence, RI 02903
vbejma@smrobinsonlaw.com

/s/ Gregory P. Piccirilli

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| **CRANSTON SCHOOL DISTRICT**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**Q.D., through his parents and next friends, Mr. And Mrs. D.**<br><br>**Defendant** | : | **C.A. No. 06-538 ML** |

**PLAINTIFF, CRANSTON SCHOOL COMMITTEE'S MEMORANDUM IN SUPPORT OF OBJECTION TO MOTION TO ENFORCE "STAY PUT"**

## I. BACKGROUND:

This case is an appeal by the Cranston School Department of a decision and order by a due process hearing officer involving a special education complaint under the Individuals With Disabilities Education Act (IDEA), 20 U.S.C. § 1400, *et seq*. In their initial complaint, the parents complained that the school department failed to provide their son with a Free Appropriate Public Education (FAPE) as required by the IDEA. As a result, the parents unilaterally placed their child at a private facility, the Wolf School, and sought tuition reimbursement from the school department.

As a basis for their decision to remove their child, the parents alleged that the Individual Education Plan failed to provide FAPE, because it did not provide for an immersion model of education. The parents claimed that their child was not making academic progress in the Cranston Public Schools' program, which in itself was evidence of a denial of FAPE.

The hearing officer found that the school department had failed to provide QD with FAPE, and granted the parents' request for tuition reimbursement. The basis of her decision

rested largely upon the allegation that the child was not making academic progress.

Once the child was placed at the Wolf School for the academic year 2006-07, the school district reimbursed the parent for the cost of the tuition for that academic year. In the meantime, the school district attempted to convene a new IEP meeting with the parents at the Wolf School to prepare an IEP for the academic year 2007-08. As part of that process, the School District sought to have the child's academic progress reevaluated. Although the School District attempted to obtain the parents' consent in April of 2007, the parents' delay in signing the consent prevented the District from completing the evaluation until June 1, 2007. At that time, the School District attempted to convene an IEP meeting at the Wolf School, but was unable to since the School closes earlier that the public schools of this State, and its staff is unavailable in the summer.

Once the new school year began, the IEP team did meet on October 11, 2007. At that time, the team reviewed the educational evaluation, which showed that the child's academic progress had regressed significantly in all areas. As a result of that meeting, the Cranston Public Schools sent a letter to the parents' attorney indicating a number of areas of concern regarding the child's current placement at Wolf.

First, none of the members of the team from Wolf was a certified special education teacher, in violation of federal and state law. As a result, no certified special education teacher participated in the preparation of the child's IEP. Although the child has clearly documented social and emotional needs, no social worker or psychologist was participating in the IEP meeting.

Second, the IEP in no way reflected that the student had suffered significant academic

regression. Moreover, the IEP does not accurately reflect the child's current level of academic performance.

Third, since the IEP does not reflect accurate current levels of performance, the goals and objectives were nonspecific and immeasurable. Also, there was only one math goal with four objectives, even though math is one of the child's largest weaknesses, as he is currently functioning in the 2nd percentile in math fluency, the 5th percentile in math reasoning, and the 10th percentile in broad math. In the area of social communication, these goals are to be provided by a general education teacher, not a certified psychologist or social worker. In general, the goals and objectives are either the same as they were two years earlier when the last IEP was prepared in November of 2005, or less. This is evidence of a complete lack of progress, or regression, in the child's education.

Fourth, the service delivery for the child is being provided by a non-special education certified teacher, instead of certified speech language or occupational therapists.

Finally, the child is placed in a "Regular Education/Self-Contained classroom." There is no provision for inclusion. In fact, up to two hours per day of the child's education is being provided by individual speech language or occupational therapy by non-education certified therapists. These services could be provided more properly by a special education certified teacher.

Based upon the foregoing, the Cranston Public Schools indicated to the parents that the IEP as drafted is wholly deficient for this child. Moreover, as written, all of the goals and objectives could be met by the public schools in a special education program, with certified staff. As such, the School District offered to provide the IEP as drafted, with modifications to address

the deficiencies in the proposed IEP, along with appropriate service providers.

The parents have not responded to this offer. Instead, the parents have sought relief in this Court.

## VI. ARGUMENT:

The parents have argued that the stay put provisions of the statute require that the school district continue to pay tuition of a child, regardless of whether the IEP at issue has expired, and regardless of whether the child has been offered another program by the public school. Such a position is not supported by the law.

Under federal law, the parents must exhaust their administrative remedies for each academic year for which they seek tuition reimbursement. See MM v. School District of Greenville County, 303 F.3d 523, 536 (4th Cir. 2002) ("When parents of a disabled child challenge multiple IEPs in court, they must have exhausted their administrative remedies for *each academic year* in which an IEP is challenged.") (emphasis in original). Failure to exhaust those administrative remedies deprives a federal court of subject matter jurisdiction over any such claims. Id.

By contrast, the case cited by the parents, Escambia County Bd. of Education v. Benton, 358 F. Supp. 2d 1112 (S.D. Ala. 2005), was not an unilateral placement case. Instead, it was a case wherein the parents alleged that the IEP was deficient and requested a functional behavior plan, along with a behavior modification plan. The hearing officer found in the parents' favor, and ordered both. That became the stay put, and the school district was ordered to comply with that order during the appeals process.

Conversely, the parents in this case have failed to bring any challenge to the school

district's proposal. The parents have provided no notice of their objection to the school district's proposal, nor have they requested a due process hearing challenging the proposal as a denial of FAPE. Their failure to do so deprives this Court of jurisdiction over their claim for tuition reimbursement beyond the academic year that was initially at issue in this case, namely, 2006-07.

**VII. CONCLUSION:**

Based upon all of the foregoing, parents' motion to enforce a stay put should be denied.

Plaintiff,
CRANSTON SCHOOL DISTRICT,
By its Attorney,

/s/ Gregory P. Piccirilli, Esq.
SCIACCA & PICCIRILLI
121 Phenix Avenue
Cranston, Rhode Island 02920
Phone: (401) 946-4900
Fax: (401) 944-3250
gregory@splawri.com

**CERTIFICATION**

I hereby certify that on October 31, 2007, I sent a true copy of the within by electronic filing to the following:

Mary Ann Carroll, Esq.
The Law Offices of Stephen M. Robinson
155 South Main St., Suite 402
Providence, RI 02903
macarroll@smrobinsonlaw.com

Vicki J. Bejma, Esq.
The Law Offices of Stephen M. Robinson
155 South Main St., Suite 402
Providence, RI 02903
vbejma@smrobinsonlaw.com

/s/ Gregory P. Piccirilli