UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

CRANSTON SCHOOL DISTRICT, Plaintiff,

v. CA 06-538 ML

Q.D., THROUGH HIS PARENTS AND NEXT FRIENDS, MR. AND MRS. D., DEFENDANTS.

**MEMORANDUM & ORDER**
**GRANTING MOTION TO ENFORCE STAY-PUT**

Before the Court is the Motion to Enforce "Stay-Put" Pursuant to 20 USC § 1415(j) (Document ("Doc.") #19) ("Motion to Enforce Stay-Put" or "Motion") filed by Q.D., through his parents and next friends, Mr. and Mrs. D. ("Defendants"). Plaintiff Cranston School District ("Plaintiff" or "Cranston") has filed an objection to the Motion. See Plaintiff, Cranston School Committee's Objection to Motion to Enforce "Stay Put" (Doc. #20). A hearing was held on December 18, 2007.

**Background**

Q.D. is a student who has been diagnosed with various disabilities, including an anxiety disorder, attention deficit hyperactivity disorder, and a non-verbal learning disability. Complaint ¶ 4. He is entitled to receive a free appropriate public education ("FAPE") from Cranston. Id.; see also 20 U.S.C. §§ 1400 et seq. (Individuals with Disabilities Education Act (the ("IDEA")). This action was filed by Cranston to appeal a November 17, 2006, decision by an impartial due process hearing officer. See Complaint ¶ 1; see also 20 U.S.C. § 1415(f). The hearing officer found that Cranston had failed to provide Q.D. with a FAPE and that his parents were justified in removing him from the school district and placing him at The Wolf School, a

private school located in East Providence, Rhode Island.[1] Administrative Decision of 11/17/06 ("Decision") at 3, 15. The hearing officer ordered Cranston to reimburse Q.D.'s parents for the cost of his enrollment at The Wolf School. Id. at 15. The Court presently has under advisement Cranston's appeal of the hearing officer's decision.

**Discussion**

By the Motion, Defendants seek to compel Cranston to pay Q.D.'s tuition at The Wolf School while the appeal of the hearing officer's decision is pending. See Motion at 1. Defendants rely upon Q.D.'s right to "stay put" pursuant to 20 U.S.C. § 1415(j).[2] See id.

Cranston contends that it was only obligated to pay for Q.D.'s tuition during the 2006-2007 school year because the hearing officer's decision concerned Q.D.'s individual education program ("IEP") for that year. See Tape of 12/18/07 Hearing. Cranston further contends that Q.D.'s parents have not cooperated with the efforts of the school district to prepare an IEP for the 2007-2008 school year. Under such circumstances, Cranston argues, it is unfair to require that Cranston continue paying Q.D.'s tuition. In effect, Cranston argues that it should not be required to continue paying for private school placement when the parents, by not cooperating, are depriving Cranston of the

---

[1] Q.D.'s parents unilaterally removed him from the Cranston schools and placed him at The Wolf School in the fall of 2006. Administrative Decision of 11/17/06 ("Decision") at 3.

[2] Section 1415(j) provides, in relevant part, that:

> Except as provided in subsection (k)(4) of this section, during the pendency of any proceedings conducted pursuant to this section, unless the State or local educational agency and the parents otherwise agree, the child shall remain in the then-current educational placement of the child ....

20 U.S.C. § 1415(j).

opportunity to show that it can provide the same (or superior) services for Q.D. Moreover, Cranston asserts that Q.D. has actually regressed in all academic areas while at The Wolf School, see Plaintiff, Cranston School Committee's Memorandum in Support of Objection to Motion to Enforce "Stay-Put" ("Plaintiff's Mem.") at 2, and that the IEP drafted by The Wolf School for the current school year is "wholly deficient for this child," id. at 3.

Cranston's legal argument is that the parents must exhaust their administrative remedies for each academic year for which they seek tuition reimbursement. See id. at 4 (citing MM v. Sch. Dist. of Greenville County, 303 F.3d 523, 536 (4th Cir. 2002)). Because the parents have not notified Cranston that they object to the school district's proposal for the 2007-2008 school year, and they have not requested a due process hearing challenging the proposal as a denial of a FAPE, Cranston asserts that this Court lacks jurisdiction over their claim for reimbursement beyond the academic year that was initially at issue, namely 2006-2007.

Addressing this last contention first, the Court is not persuaded that the parents' failure to request a due process hearing to challenge Cranston's proposal relative to the 2007-2008 school year deprives this Court of jurisdiction. See Murphy v. Arlington Cent. Sch. Dist. Bd. Of Educ., 297 F.3d 195, 199 (2nd Cir. 2002)(explaining that an action alleging a violation of stay-put provision falls within one of the enumerated exceptions to the jurisdictional prerequisite that parents must exhaust administrative remedies). In Murphy, the Second Circuit held that the district court did not err in exercising jurisdiction over the parents' petition to compel the school district to pay their child's private school tuition during the pendency of the administrative process even though the parents had not sought an administrative ruling on this issue. See id. at 199-200. While

the facts in Murphy do not match exactly those here, they are sufficiently close to cast substantial doubt on Cranston's assertion that this Court lacks jurisdiction.

The Court is also not persuaded that Cranston's interpretation of the stay-put provision is supported by the relevant case law. Specifically, the Court is not persuaded that under the stay-put provision Cranston's obligation to pay Q.D.'s tuition is limited to the school year corresponding to the IEP which the hearing officer determined to be inadequate. Cranston has not cited any case so holding, and there is a substantial body of case law which indicates (or at the very least strongly suggests) that the obligation continues until the challenge to the hearing officer's decision is resolved.

As Senior Judge Ernest C. Torres explained in T.B. v. Warwick School Department:

> An administrative decision that a unilateral private school enrollment was appropriate constitutes the state's "agreement" to that placement for purposes of the "stay put" provision. [Sch. Committee of] Burlington [v. Dep't of Educ. of Massachusetts], 471 U.S. [359,] 372 [(1985)]; Susquenita Sch. Dist. v. Raelee S. ex rel. Heidi S., 96 F.3d 78, 83-84 (3rd Cir. 1996). Accordingly, such a decision establishes the private school enrollment as the child's "then-current placement" and makes the school district responsible for any subsequent tuition expenses unless and until a court decides otherwise. Raelee S., 96 F.3d at 84; Clovis Unified Sch. Dist., 903 F.2d [635,] 641 [(9th Cir. 1990)];[3] Bd. of Educ. of Montgomery County v. Brett Y., 959 F.Supp. 705, 710 (D. Md.1997)("[O]nce parents receive a state administrative decision that the offered public placement was inadequate and their

[3] "In Clovis v. Office of Administrative Hearings, 903 F.2d 635 (9th Cir. 1990), the court of appeals held that although a child was placed unilaterally by his parents in an acute care facility, once the parents had obtained an administrative ruling identifying the facility as the appropriate pendant placement, the district **was obligated to pay for that placement pending conclusion of the judicial proceedings.**" Susquenita Sch. Dist. v. Raelee S., 96 F.3d 78, 87 n.10 (3rd Cir. 1996)(bold added).

> unilateral private placement was appropriate, the private placement becomes the 'current educational placement,' and the school system is financially responsible for the cost of that placement **during the pendency of the underlying litigation.**")(citations omitted).

T.B. v. Warwick Sch. Dep't, No. Civ.A. 01-122T, 2003 WL 22069432, at *7 (D.R.I. June 6, 2003)(alteration in original)(bold added); id. at *4 (noting that school district had been paying private school tuition during pendency of action challenging private school placement "as it is required to do under 20 U.S.C. § 1415(j)"); see also St. Tammany Parish Sch. Bd. v. Louisiana, 142 F.3d 776, 787 (5th Cir. 1998)(holding that district court did not err in concluding that, for "stay-put" purposes, administrative decision favoring parents constituted an agreement between the state and parents as to appropriate placement during the pendency of litigation); Escambia County Bd. of Educ. v. Benton, 358 F.Supp.2d 1112, 1122 n.18 (S.D. Ala. 2005)(noting "the 'long-standing judicial interpretation of the [IDEA]'s pendency provision that when a State hearing officer's or State review official's decision is in agreement with parents that a change in placement is appropriate, that decision constitutes an agreement by the State agency and the parents **for purposes of determining the child's current placement during subsequent appeals**'") (quoting 64 Fed. Reg. 12615 (Mar. 12, 1999)(bold added).

The Court does not find that the case on which Cranston relies, MM v. School District of Greenville County, 303 F.3d 523 (4th Cir. 2003), see Plaintiff's Mem. at 4, is applicable to the instant circumstances. MM does not deal with application of the stay-put provision during the pendency of an appeal.

**Conclusion**

The application of the stay-put provision which Cranston espouses is not supported by the case law. Accordingly, it is unnecessary for this Court to determine whether Cranston's

complaints about Q.D.'s parents and The Wolf School are valid. Defendants' Motion to Enforce Stay Put is GRANTED. Cranston is ordered to pay the cost of Q.D.'s tuition at The Wolf School for the first half of the 2007-2008 school year.[4]

So ordered.

ENTER:

/s/ David L. Martin
DAVID L. MARTIN
United States Magistrate Judge
January 8, 2008

[4] The Court does not order payment of tuition for the entire 2007-2008 school year at this time because the Court expects to render a decision on the pending appeal in the near future. Because of the possibility that the decision may be favorable to Cranston, the Court deems it prudent to proceed incrementally. Cf. Casey K. v. St. Anne Comm. High Sch. Dist. No. 302, 400 F.3d 508, 511 (7th Cir. 2005)("It is an open question whether, even if the parents lose their challenge, they must reimburse the public entity for the expense of the private-school placement to which the child, it turns out, was not entitled.").